IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION FILE NO. 05-CV-02379-REB-MJW

MARY HUTCHINSON, in her capacity as Personal Representative of THE ESTATE OF BILLIE A. HUTCHINSON, deceased,

Plaintiffs,

vs.

SUNRISE SENIOR LIVING, INC., a Virginia Corporation;
SUNRISE SENIOR LIVING INVESTMENTS, INC., a Virginia Corporation;
SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation;
PHILLIP W. HEATH, individually;
MOLLY HANNA, individually; and
LARRY LILLO, individually,

Defendants.

---

## PROTECTIVE ORDER

THIS MATTER comes before the Court upon the Stipulated Motion for Protective Order (the "Motion") filed by the parties in the above-captioned matter. The Court, having been advised in the premises of the Motion, and finding good cause therefore, ORDERS that the Motion is GRANTED.

It is hereby ORDERED as follows:

1. The protective order applies to the lawsuit titled *Mary Hutchinson, in her capacity as Personal Representative of The Estate of Billie A. Hutchinson, deceased, v. Sunrise Senior Living, Inc., a Virginia corporation; Sunrise Senior Living Investments, Inc., a Virginia corporation; Sunrise Senior Living Management, Inc., a Virginia corporation; Phillip W. Heath,*

*individually; Molly Hanna, individually; and Larry Lillo, individually*, Civil Action Number 05-CV-02379-REB-MJW currently pending in the United States District Court for the District of Colorado. The protective order also applies to any arbitration or mediation associated with the lawsuit, and all subsequent proceedings. All production and disclosure of "Confidential Information"—as defined in paragraph 2, below—during this litigation shall be governed by this agreement. All confidential information shall be used solely for the purposes of these litigations.

    2.    As used herein, the term "Confidential Information" means information constituting trade secrets or confidential research, development or commercial information pursuant to Fed. R. Civ. P. 26(c)(7). Confidential information may include, but is not limited to, the following types of information: all documents, testimony, correspondence, memorandums, or other information relating to any of Sunrise's advertising, marketing, or sales efforts; advertising or marketing studies, data, or surveys; advertising or marketing research materials; policies, procedures, or protocols; training relating to advertising, marketing, or sales; and information relating to or surrounding any bonus or incentive program for sales or marketing staff members. In addition to documents, confidential information may also include information revealed during depositions or trial testimony, information revealed in written discovery responses, and information revealed during any other proceeding in this case.

    3.    A designation of material as "Confidential Information" shall constitute a representation by the supplier of the information that the supplier, in good faith, believes that the information is confidential and entitled to protection under Fed. R. Civ. P. 26(c). If a party objects to the designation of any information or documents as Confidential Information, the party shall first try to resolve its objection on an informal basis with the supplier of the information.

Upon failure to reach a resolution, the objecting party may challenge the appropriateness of the Confidential Information designation in Court. Until the Court resolves any such disputes, the contested documents and information shall be produced but shall be deemed Confidential Information pursuant to the terms hereof.

    4.    A party shall designate information as "Confidential Information" subject to this Protective Order as follows:

    a.    In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on any such document prior to its production: "CONFIDENTIAL" and "CONFIDENTIAL Civil Action File No. 05-CV-02379-REB-MJW" In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as Confidential at the time of its production, the party shall promptly inform the recipient party after the discovery of such failure. The recipient party shall thereafter mark the document or information in the manner requested by the producing party and thereafter treat the document in accordance with such marking. The recipient party will also inform each individual who received such document or information of the confidentiality status of such document or information.

    b.    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Information shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel. Said review by counsel shall occur within twenty (20) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the

numbers of the pages of the transcript containing Confidential Information, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and also to each copy thereof. If no such designation is made within twenty (20) days after receipt of the transcript, the transcript shall be considered as not containing any Confidential Information, except as otherwise noted upon the record in the course of the deposition.

   c. In the event that any Confidential Information is used in any pleading or in a court proceeding in connection with this litigation, it shall not lose its confidential status through such use. A supplying party may designate information disclosed in a pleading or at a hearing or trial as Confidential Information by requesting that the Court, at the time the information is proffered or adduced, use appropriate procedures to protect confidentiality. [handwritten: The supplying party shall comply with D.C.Colo.LCivR 7.2 and 7.3]

5. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL Civil Action File No. 05-CV-02379-REB-MJW" may be disclosed only to the following persons:

   a. attorneys working on this case;

   b. persons employed or associated with the attorneys working on this case whose assistance is required by said attorneys;

   c. the parties, including designated representatives for the entity defendants;

   d. expert witnesses and consultants retained in connection with this case;

   e. any Court with jurisdiction over this action, and its personnel, including but not limited to, jurors, judges and stenographic reporters;

   f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g. copy services used by counsel for the parties;

   h. deponents and witnesses;

   i. any non-party individual, including potential witnesses, who may have discoverable information under Fed. R. Civ. P. 26, but only to the extent necessary to the prosecution or defense of this case;

   j. arbitrators or mediators involved in this case;

   k. insurers of the parties; and

   l. any other persons by written agreement of the parties or Court Order.

  6. Except for court personnel, the persons described in Paragraph No. 5 shall have access to the Confidential Information once they have been made aware of the provisions of this Order. Confidential Information shall not be used by the other parties or persons receiving such material except for purposes of conducting this litigation and not for any other purposes. The parties and persons receiving Confidential Information are enjoined from using or disclosing such material except in conformance with this Order.

  7. The recipient of any Confidential Information that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

8. Within six years (6) years of the termination of litigation between the parties by judgment or settlement, all Confidential Information and all copies thereof shall be destroyed or returned to the party who produced it.

9. This Order applies only to Confidential Information produced through discovery in the cases bound by this agreement.

10. Notwithstanding anything hereinabove to the contrary, Confidential Information shall not include information or documents: (i) in the public domain; (ii) as to which the recipient party is an author or indicated recipient; (iii) legally available from third-persons outside the discovery process; or (iv) previously disclosed. No designation of information or documents as Confidential Information shall limit or restrict the use or admissibility of such Confidential Information for purposes of this case, including use in depositions, pleadings and trial proceedings.

11. By written agreement of the parties, a person or entity not a party to this proceeding who shall be called upon to disclose discovery material in this case shall be entitled to avail itself of the provisions and protections of this Protective Order by disclosing discovery materials in a manner consistent with this Protective Order. By doing so, such person or entity shall also assume the duties and obligations imposed hereunder and shall thereafter be treated as a party for purposes of this Stipulated Protective Order.

12. This Order shall not prejudice in any way any party's right to apply to the Court for a further protective order relating to any information produced pursuant to this order.

13. In the event that parties to this litigation, their counsel, or any party who has consented to be bound to the terms of this order in any way violates the terms and conditions of

the Order, said individual or entity, shall consent to the jurisdiction of the United States District Court for the District of Colorado for the purposes of a contempt proceeding or an action concerning the right to injunctive or other appropriate relief as a result of such violation.

14. This Order may be modified by the Court at any time for good cause shown following notice to the parties and an opportunity for them to be heard.

15. This Order is entered without prejudice to other potential stipulated protective orders relating to the confidentiality of patient or other information.

16. This Order in no way waives the right to object to producing information that may be protected in other ways, such as under statutes, rules, regulations, or constitutional protections.

17. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in Paragraph Nos. 1 through 16, inclusive, hereof.

s/ Jerome M. Reinan
Jerome M. Reinan
Law Offices of J.M. Reinan, P.C.
The Wheeler Block Building
2150 W. 29th Avenue, 5th Floor
Denver, Colorado 80211

*Counsel for Plaintiffs*

s/Jennifer C. Forsyth
Thomas B. Quinn
Jennifer C. Forsyth
James M. Meseck
White and Steele, PC
950 Seventeenth Street, 21st Floor
Denver, CO 80202

*Counsel for Defendants*

SO ORDERED this the 17TH day of April, 2006.

BY THE COURT:

*[signature]*
~~District Court Judge~~

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE